IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICK N. ANDERSON,            :
                                :
    Plaintiff,                  :
                                :
v.                              :         CIVIL ACTION 03-0464-M
                                :
CITY OF MOBILE,                 :
                                :
    Defendant.                  :

MEMORANDUM OPINION AND ORDER

This action comes before the Court on Defendant City of Mobile's Motion to Dismiss (Doc. 25).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21).  After consideration, Defendant's motion is **GRANTED** and this action is **DISMISSED**.

Plaintiff Patrick N. Anderson brought this action on July 22, 2003 by filing a complaint that the City of Mobile had defamed him, slandered him, and invaded his privacy by saying that he is "mental [sic] retarded, crazy (insane), stupid, dumb, and have [sic] aids" (Doc. 1, p. 1).  Anderson has asserted jurisdiction under the 5th Amendment to the U.S.

Constitution, Title VII of the Civil Rights Act of 1964, the American Disabilities Act, the Civil Rights Act of 1991 (Doc. 1), the 1st, 3rd, 4th, and 9th Amendments to the U.S. Constitution, 42 U.S.C. §§ 1983 and 1985, the Civil Rights Act of 1871 (Doc. 8), and 28 U.S.C. § 1343(3) (Doc. 28).[1]

The Court notes that this is the first of nine actions filed by Plaintiff in this Court between July 2003 and January 2004, alleging similar claims against various Alabama communities, officials, and related institutions.  *See Anderson v. County of Mobile*, CV-03-0467-CG-M; *Anderson v. Mobile County Health Dept.*, CV-03-0593-CG-B; *Anderson v. Bishop State Comm. College*, CV-03-0595-CB-B; *Anderson v. Dow*, CV-03-0713-CB-B; *Anderson v. Bishop State Comm. College*, CV-04-0050-CG-L; *Anderson v. City of Prichard*, CV-04-0058-CG-M, *Anderson v. District Two,* CV-04-0060-CG-M; *Anderson v. District One*, CV-04-0061-CG-M.

The City of Mobile has filed a Motion to Dismiss this action, asserting that Plaintiff has failed to show any basis for jurisdiction in this Court (Doc. 25).  Defendant further asserts that Anderson has, at most, raised claims that are more properly brought in the State courts.

---

[1] This is the Court's best understanding of Plaintiff's assertion of jurisdiction.

Judge Butler of this Court recently considered a similar motion in plaintiff's action against Michael Dow, the Mayor of Mobile.² *Anderson v. Michael Dow*, CV-03-0713-CB-B.  The allegations in the Dow case are very similar to the allegations in the instant case.  Plaintiff alleged the following in the Dow case:

> "[F]rom June 24, 2003 until the date the complaint was filed, October 23, 2003, Michael Dow, who is the mayor of Mobile, Alabama, continually defamed the plaintiff by referring to plaintiff as a "homosexual[,] a quoted-unquoted [ ] queer and/or fag." In addition, plaintiff alleges that Dow "brainwash[ed] the Mobile County citizens [by telling them] that the plaintiff lost his Social Security Disability case which is [still] pending. . . [and by telling them] that [the plaintiff] know[s] this very stupid idiot aka (Gloria brother [sic]) and [that] this idiot is [plaintiff's] best friend . . . without substantial evidence."
>
> Along with these factual allegations, the complaint makes references to various legal citations and propositions.  For instance, after setting forth the factual basis for the complaint, the complaint states that "[s]uch obscene speech and

---

²The Court notes that the following discussion, beginning with this paragraph, is lifted, almost verbatim, from an Order entered by Chief Judge Granade in *Anderson v. District Two*, CV 04-0060-CG-M (S.D. Ala. February 15, 2005) (Doc. 15, pp. 3-5).

3

> fighting words long have no protection under the first amendment;" "[t]he 1st Amendment. . . do [sic] not require a private figure plaintiff to prove actual malice to recover damages for actual injury caused by publication of a defamatory falsehood;" "Michael Dow deprived the plaintiff [sic] 5th Amendment rights in reputation, the security of his reputation or good name from the arts of detraction and slander;" and "deprived the plaintiff [sic] 4th Amendment right to privacy."
>
> Plaintiff concludes his complaint with a summary of the constitutional and statutory grounds for his claim and with a demand for damages.  Plaintiff asserts that Dow has violated his rights secured by the First, Fourth, and Fifth Amendments of the United States Constitution and that he is entitled to damages under 42 U.S.C. § 1983. Plaintiff seeks "non-economic compensatory damages" in the amount of $5 million dollars and punitive damages $10 million dollars [sic] for a very actionable prima facie slanderous defamation per se."

*Anderson v. Dow*, CV-03-0713-CB-B, Doc. 14, February 26, 2005.

This court found that subject matter jurisdiction was lacking in the Dow case.  *Id.*  The court reasoned as follows:

> When a complaint seeks recovery under a federal statute, it cannot be dismissed for lack of subject matter jurisdiction unless it is (1) "clearly immaterial and made solely for the purpose of obtaining jurisdiction" or (2) "wholly insubstantial and frivolous."  *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Whether a claim falls under the former exception "turns on

whether the complaint 'really and substantially' invokes a dispute over federal law." *Creel v. City of Atlanta*, 399 F.2d 777, 778 (5th Cir. 1968).  A claim is "wholly insubstantial and frivolous" if it is obviously without merit or if it is foreclosed by prior Supreme Court decisions. *South Park Square, Ltd. v. City of Jackson*, 565 F.2d 338, 342 (5th Cir. 1977).

Subject matter jurisdiction is lacking in this case under either of these exceptions.  First, there is no real and substantial dispute of federal law.  Plaintiff's complaint can be read to assert two state law claims–defamation and invasion of privacy.  Plaintiff has attempted to transform these state law claims into federal causes of action simply by adding references to the federal constitution and federal law to his complaint.  *See Johnston v. Byrd*, 354 F.2d 982 (5th Cir. 1965) (federal question merely incidental even though complaint alleged constitutional violations against sheriff).  Second, plaintiff's constitutional defamation and invasion of privacy claims are foreclosed by the Supreme Court's decision in *Paul v. Davis*, 425 U.S. 985 (1976), which

> held that a person's interest in reputation alone, apart from some more tangible interests such as employment," is not a protected liberty interest within the meaning of the due process clause.  To establish a liberty interest sufficient to implicate the fourteenth amendment safeguards, the individual must be not only stigmatized but also stigmatized in connection with a

5

>> denial of a right or status
>> previously recognized under state
>> law.
>
> *Smith v. Siegelman*, 322 F.3d 1290, 1296
> (11th Cir. 2003) (internal citations and
> quotations omitted). [Footnote:  While
> plaintiff has alleged invasion of privacy
> claims under the First, Fourth and Fifth
> Amendments, rather than the Fourteenth
> Amendment, he has asserted no facts to
> demonstrate that he has been deprived of a
> right protected by any of those
> Amendments.] Plaintiff's complaint alleges
> that his reputation has been injured as the
> result of the statements allegedly made by
> defendant Dow.  Such a claim, standing
> alone, is not cognizable under federal law.
> [Footnote:  It should be noted that of the
> three federal statutes invoked—§ 1981, §
> 1983 and § 1985–the only one that even
> arguably might apply is § 1983, which
> provides redress for the violation,
> committed under color of state law, of a
> constitutional right.  As discussed above,
> the complaint does not state a
> constitutional violation and, therefore, is
> not actionable under § 1983.  Section 1981
> prohibits discrimination in the making of
> contracts which affect interstate commerce,
> while section 1985 prohibits, inter alia,
> conspiracy to deprive a person of civil
> rights.  The facts alleged do not involve
> the making or enforcement of any contract,
> nor do they give rise to any inference of a
> conspiracy.]

*Anderson v. Dow*, CV-03-0713-CB-B, Doc. 14, February 26, 2005.

Chief Judge Granade quoted Judge Butler's decision extensively, finding "that this Court lacks jurisdiction over the instant case for the same reason jurisdiction was lacking

in Plaintiff's suit against Michael Dow." *Anderson v. District Two*, CV-0060-CG-M (Doc. 15, p. 5). Chief Judge Granade further held that "Plaintiff's complaint asserts only state law claims against Defendant. There is no real and substantial dispute of federal law and Plaintiff's claims are wholly insubstantial and frivolous." *Id.* With that finding, the action was dismissed.

After reviewing all pleadings of record, the Court finds that Plaintiff's claims in this action are, at best, tort actions that are properly brought in the State courts. Anderson has failed to demonstrate any basis for federal jurisdiction; as such, his claims are frivolous.

Therefore, for the reasons set out above, Defendant's Motion to Dismiss is **GRANTED** and this action is **DISMISSED**. Judgment will be entered by separate Order.

DONE this 28th day of June, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE